BECKER, Circuit Judge,
concurring.
I agree with the majority that Clark is not entitled to an exemption for his Keogh retirement plan, but I rely on grounds different from the majority’s.
The majority concludes that “[t]he exemption of future payments . .. demonstrates a concern for the debtor’s long-term security which is absent from the statute.” I have substantial doubts that the majority has correctly assessed congressional intent, for the distinction required by the majority’s reasoning effectively penalizes self-employed individuals for the form in which their retirement assets are held. The ma *24 jority’s holding will not affect employee pension and annuity plans created by employers, because the assets of such plans would not be included in the debtor’s estate under section 541, and thus cannot be reached by the trustee. The assets of a Keogh plan, in contrast, are clearly assets of the estate.[1] Thus Congress’ putative lack of concern for the long-term security of the debtor works to the detriment only of self-employed debtors — a result I find inconsistent with Congress’ manifest solicitude for retirement benefits for self-employed individuals.
In light of this inconsistency, it seems to me equally plausible to infer a congressional intent to encompass all retirement plans of whatever form. Section 522(d)(10)(E) exempts the debtor’s right to receive payments “under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service.. .. ” (Emphasis added). A Keogh plan would seem to be “similar” to a pension or annuity plan, payments under both of which are exempt under this statute although they presumably represent long-term security arrangements.
To be sure, there is evidence in the legislative history suggesting that Congress intended not to exempt the assets of a Keogh plan. As the bankruptcy court noted, the original model for section 522 exemptions was the Uniform Exemption Act § 6, promulgated by the National Conference of Commissioners on Uniform State Laws. Although the relevant portion of section 6 exempted all “assets held, payments made, and amounts payable ...” under the relevant plans, Congress narrowed the language in section 522(d)(10)(E) to include only “[t]he right to receive payments” under the relevant plans.[2] The bankruptcy court concluded that Congress intended this narrower language to preclude the exemption of assets held under Keogh retirement plans. Unfortunately, the bankruptcy court’s analysis would seem to foreclose exemption of Keogh assets even if a debtor’s right to receive payment had vested because he or she had reached retirement age. I would find that result even more troubling than the majority’s.
Although the bankruptcy court’s discussion provides some evidence of congressional intent, it is not the strongest of evidence — there is nothing but the fact of the difference in language to go on. The legislative history nowhere discusses the changes made or their intended impact. I would thus be reluctant to rely on this inference of intent, given the incongruity of the result for different retirement plans.
The appropriate resolution of these issues is thus far from clear.[3] In my view, however, it is not necessary for this court to resolve them here, for there is a narrower and surer ground upon we can decide this case.
Section 6.2 of appellant’s Keogh plan, sponsored by Merrill, Lynch, Pierce, Fenner & Smith, provides that “[t]he Plan shall terminate ... if the Employer judicially is declared insolvent.” Section 6.5 provides *25 that “[u]pon termination of the Plan for any of the reasons set forth in Article 6.2 ... no further contributions shall be made ... and the Custodian shall make distributions of all Benefits to the Participants.” Thus, upon his adjudication as a bankrupt, Clark’s Keogh plan terminated. The funds either have been or are to be distributed, and Clark palpably has no right to receive payment under any plan on account of illness, disability, death, age or length of service. Under these circumstances, Clark was not entitled to an exemption. I therefore concur in the judgment of the Court.

. As I read the majority’s opinion, no retirement or disability plan whose assets are included in the debtor’s estate under section 541 would be exempt if the right to payment thereunder was a future right. This would presumably preclude exemption of the assets of Individual Retirement Accounts (IRA’s) as well.

. The bankruptcy court noted as well that a second proposal before Congress, the Proposed Bankruptcy Act of the Commission on Bankruptcy Laws of the United States, also contained language that would have allowed exemption of Keogh assets. Section 4-503(c)(6) provided:
(c) The following property shall be allowed as exempt....
(6) before or after retirement, such rights as the debtor may have under a profitshar-ing, pension, stock bonus, annuity or similar plan which is established for the primary purpose of providing benefits upon retirement by reason of age, health, or length of service ... to the extent ... the debtor’s interest therein is reasonably necessary for the support of the debtor and his dependents.
This proposal, too, was rejected.

.Perhaps Congress should focus its attention upon these matters; it may not have done so sufficiently when drafting the legislation.